**David Anthony GREEN, Petitioner—Appellant,**

v.

**Scott P. RAWERS, Warden, Respondent—Appellee.**

No. 03–55981.

D.C. No. CV–02–06811–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2004.*

Decided May 17, 2004.

David Anthony Green, Avenal, CA, pro se.

Phillip I. Bronson, Esq., Encino, CA, for Petitioner–Appellant.

Marc Aaron Kohm, DAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before McKEOWN, BYBEE, Circuit Judges, and BREYER,** District Judge.

MEMORANDUM ***

David Anthony Green pled guilty to one count of felony grand theft in violation of California Penal Code § 487(a). Green is currently serving a six-year sentence for

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the conviction. On appeal from the district court's denial of his habeas petition, Green alleges that his guilty plea is invalid because it violates due process and was the result of ineffective assistance of counsel. We review de novo the district court's decision to grant or deny habeas relief, *see Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003), and we conclude that the district court properly denied Green's petition.

Green's assertion regarding notice of the sentence enhancement was not raised in the district court and is not properly before us on appeal. We further note that this issue was not raised in his state habeas petition and is therefore unexhausted.

Green also challenges the voluntariness and intelligence of his guilty plea, alleging that his counsel performed so ineffectively that it deprived him of his Sixth Amendment right to counsel. This claim is unavailing because Green fails to demonstrate prejudice resulting from his counsel's performance. Green does not allege that he would have refused the plea agreement but for his counsel's allegedly deficient performance. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Green's failure to show that he would have made a different choice is all the more telling in light of the evidence of his guilt and the fact that his prior convictions rendered him eligible for a much longer sentence if found guilty. Nor does Green describe what additional investigation would have uncovered. The prejudice alleged is speculative, and the California Supreme Court's denial of habeas relief on this claim therefore does not constitute an unreasonable application of clearly established federal law, as required

by the Antiterrorism and Effective Death Penalty Act. *See Lockyer v. Andrade*, 538 U.S. 63, 70–71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

For the reasons stated above, Green's petition for a writ of habeas corpus is DENIED.